JOURNAL ENTRY and OPINION
{¶ 1} Appellant Gregory Patrick appeals the trial court's decision denying his motion for summary judgment. Patrick assigns the following error for our review:
"I. The trial court erred when it overruled defendant/appellant's motion for summary judgment on the grounds that plaintiff/appellee's claim was barred by the doctrine of res judicata."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision. The apposite facts follow.
 {¶ 3} The history of the case reveals that on May 1, 2004, Patrick agreed to rent a storefront located at 12408 Superior Avenue in Cleveland, Ohio to Appellee William McAlpine. On July 1, 2004, McAlpine failed to pay the rent. On July 18, 2004, Patrick served McAlpine with a three-day notice of eviction, but he failed to vacate the property. Consequently, Patrick filed a forcible entry and detainer action in the Cleveland Municipal Court. On August 12, 2004, after an evidentiary hearing, the trial court held that McAlpine violated the lease agreement due to non-payment of rent and ordered him to vacate the property.
 {¶ 4} On July 28, 2004, McAlpine filed a complaint against Patrick in the court of common pleas, alleging breach of contract and wrongful eviction. On March 23, 2005, Patrick filed a motion for summary judgment on the basis that McAlpine's claims were barred by the doctrine of res judicata. On April 14, 2005, the trial court denied the motion. On May 2, 2005, the matter was tried to the bench and the trial court awarded McAlpine $1,150.
 Summary Judgment {¶ 5} In his sole assigned error, Patrick argues the trial court erred in denying his motion for summary judgment because McAlpine's breach of contract claims are barred by the doctrine of res judicata. We agree.
 {¶ 6} We review an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[3]
 {¶ 7} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[5]
 {¶ 8} The doctrine of res judicata operates to preclude the re-litigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.[6] The doctrine of res judicata applies not only to what was determined but also every question which might properly have been litigated in the prior case.[7]
 {¶ 9} R.C. 1923.03 governs forcible entry and detainer actions and states: "judgments under this chapter are not a bar to a later action brought by either party."
 {¶ 10} Thus, a judgment in a forcible entry and detainer action does not bar a later action between the same parties arising out of the same subject matter.[8] However, a forcible entry and detainer action bars re-litigation of issues that were actually and necessarily decided in the former action.[9]
 {¶ 11} Additionally, Civ.R. 13(A) states:
"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * * [.]"
 {¶ 12} The purpose of Civ.R. 13, much like the doctrine of res judicata, is to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence, no matter which party initiates the action.[10] Thus, if a party fails to assert a compulsory counterclaim he is barred from litigating the counterclaim in a separate action.[11] Based on the prevailing law, McAlpine was required to bring any compulsory counterclaims against Patrick when Patrick filed the action for forcible entry and detainer in the Cleveland Municipal Court.
 {¶ 13} The test to determine whether McAlpine's claims qualify as "compulsory counterclaims" is set forth in RettigEnterprises v. Kohler.[12] The Rettig test requires a showing that: 1) the claim existed at the time of the first pleading, and 2) the claim "arose out of the transaction or occurrence that is the subject matter of the opposing claim."[13] The second prong of the Rettig test, whether the claim arises out of the original transaction, involves the "logical relation" test or a showing that the claim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.[14] The Rettig court further explained that, multiple claims are compulsory counterclaims where they involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.[15]
 {¶ 14} In his subsequent complaint, McAlpine brought a cause of action for breach of contract, stemming from Patrick's alleged refusal to secure the property after it was burglarized. Instead, Patrick served him with a three-day eviction notice on the day of the burglary. Additionally, McAlpine alleged that Patrick breached the covenant of quiet enjoyment and constructively and wrongfully evicted him.
 {¶ 15} When applying the first prong of the Rettig test to these claims, we find that McAlpine's claims existed at the time Patrick filed the action for forcible entry and detainer in the Cleveland Municipal Court. The record reveals that on July 18, 2004, Patrick served McAlpine with the three-day eviction notice for non-payment of rent and filed the forcible entry and detainer action on July 22, 2004. McAlpine argues that Patrick breached the contract on July 18, 2004, when Patrick refused to repair the window broken by the burglars. Thus, we find that McAlpine's claim for breach of contract existed at the time Patrick initiated the action for forcible entry and detainer on July 22, 2004.
 {¶ 16} We conclude that McAlpine's claims arose out of the original transaction, specifically the lease agreement and the subject matter of that contract, namely the storefront property. The basis for each cause of action set forth by McAlpine arose from the landlord-tenant relationship that existed between the parties and the storefront property. In his complaint, McAlpine contended that Patrick breached the terms of the lease agreement by refusing to secure the property after the burglary. McAlpine's claims bear a logical relationship to the forcible entry and detainer action, which involves the removal of McAlpine from the property based on his violating the lease term to pay rent.[16]
 {¶ 17} In the instant case, McAlpine's claims satisfy theRettig two-part test. We find that McAlpine's claims were compulsory counterclaims and that he should have presented these claims when Patrick initiated the forcible entry and detainer action. Because McAlpine failed to present these claims when the action for forcible entry and detainer was pending before the Cleveland Municipal Court, we conclude that McAlpine is barred by the doctrine of res judicata from bringing these claims against Patrick in the Cuyahoga County Court of Common Pleas.[17]
Accordingly, we sustain Patrick's sole assigned error.
Judgment reversed.
This cause is reversed.
It is, therefore, ordered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Calabrese, Jr., J., Concur.
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35; NortheastOhio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997),121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317,327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293,1996-Ohio-107.
[5] Id. at 293.
[6] State ex rel. Kroger Co. v. Indus. Comm.80 Ohio St.3d 649, 651, 1998-Ohio-174.
[7] Stromberg v. Bd. of Edn. (1980), 64 Ohio St.2d 98.
[8] Great Lakes Mall, Inc. v. Deli Table (Sept. 16, 1994), 11th Dist. No. 93-L-154.
[9] Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108,112; Ketchel v. Bainbridge Twp. (1992), 79 Ohio App.3d 174,177-179.
[10] Carter v. Russo Realtors (Mar. 7, 2000), 10th Dist. No. 99AP-585, at 4-5.
[11] Id.
[12] 68 Ohio St.3d 274, 1994-Ohio-127.
[13] Geauga Truck Implement Co. v. Juskiewicz (1984),9 Ohio St.3d 12, 14.
[14] Rettig, 68 Ohio St.3d 274, 1994-Ohio-127, at paragraph two of the syllabus.
[15] Id. at 279.
[16] Id.
[17] See DeNigris v. Walker (May 24, 2000), 9th Dist. No. 2971-M, at 10; see, also, Quintus v. McClure (1987),41 Ohio App.3d 402, 402-403.