[Cite as *Internal. Union of Operating Engineers, Local 18 v. CNR Trucking Inc.*, 2013-Ohio-2094.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98935**

---

# INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 18

PLAINTIFF-APPELLANT

vs.

# CNR TRUCKING INCORPORATED, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-769170

**BEFORE:** Keough, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

**ATTORNEY FOR APPELLANT**

Timothy R. Fadel
Wuliger, Fadel & Beyer
1340 Sumner Court
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEES**

**For CNR Trucking, Inc.**

Cara L. Santosuosso
Laubacher & Company
Westgate Towers, Suite 626
20525 Center Ridge Road
Rocky River, Ohio 44116

**For Laborers' International Union
of North America, Local 310**

Andrew A. Crampton
Susan L. Gragel
Goldstein Gragel, L.L.C.
526 Superior Avenue, East
Suite 1040
Cleveland, Ohio 44114

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Plaintiff-appellant, International Union of Operating Engineers, Local 18 ("Local 18") appeals from the trial court's judgment dismissing its complaint against defendants-appellees CNR Trucking, Inc. ("CNR") and Laborers' International Union of North America, Local 310 ("Local 310") for lack of subject matter jurisdiction. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

**{¶2}** On May 16, 2009, CNR agreed to be bound by the terms and provisions of the collective bargaining agreement between Local 310 and the Construction Employers Association, effective May 1, 2009 to April 30, 2012.

**{¶3}** On August 31, 2011, CNR entered into two "addendum agreements" to the collective bargaining agreement between Local 18 and the Construction Employers Association, effective May 1, 2009 to April 30, 2012 ("Local 18 CBA"). The addenda required CNR to "abide by all the terms and conditions contained in the [Local 18 CBA] as to hours, wages, fringes, and other conditions of employment" and to pay a minimum number of hours of fringe benefits on behalf of each employee at rates set forth in the Local 18 CBA. CNR's execution of the addendum agreements was a condition precedent to CNR's participation in and assent to the Local 18 CBA. The next day, September 1, 2011, CNR agreed to be bound by the terms and provisions of the Local 18 CBA.

{¶4} Local 18 subsequently filed suit against CNR and Local 310. In its complaint, Local 18 alleged that on September 27, 2011, CNR sent correspondence to Local 18 that repudiated the CBA and its addenda. Local 18 further alleged that Local 310 intentionally and without justification caused CNR's repudiation of its agreements with Local 18. In its complaint, Local 18 set forth claims for breach of contract against CNR and tortious interference with contract against Local 310. Local 18 sought compensatory damages from both CNR and Local 310, punitive damages from Local 310, and specific performance of the agreements from CNR.

{¶5} After answering, both Local 310 and CNR filed Civ.R. 12(C) motions for judgment on the pleadings, arguing that the court lacked subject matter jurisdiction over Local 18's claims because they were preempted by the National Labor Relations Act ("NLRA"). The trial court denied the motions. Subsequently, upon Local 18's request, the originally-assigned judge recused himself, and the matter was reassigned.

{¶6} On August 21, 2012, the newly-assigned judge issued an opinion and judgment entry dismissing the matter without prejudice for lack of subject matter jurisdiction. The court determined that Local 18's claims against Local 310 and CNR were preempted by federal law; specifically, Section 8(b)(4)(D) of the NLRA.

{¶7} Local 18 now appeals from the trial court's judgment dismissing its complaint.[1]

---

[1] On November 28, 2012, this court granted Local 18's motion to dismiss CNR. Accordingly, this appeal concerns only the trial court's dismissal of Local 18's claims against Local 310.

## II. Analysis

**{¶8}** In its single assignment of error, Local 18 argues that the trial court erred in finding that its state-law claims against Local 310 for tortious interference with contract were preempted by Section 8(b)(4)(D) of the NLRA.

**{¶9}** Because the issue of whether a trial court has subject matter jurisdiction involves a question of law, we review a trial court's judgment dismissing claims for lack of subject matter jurisdiction de novo. *State ex rel. Rothal v. Smith*, 151 Ohio App.3d 289, 2002-Ohio-7328, 783 N.E.2d 1001, ¶ 110 (9th Dist.). When reviewing a matter de novo, we afford no deference to the trial court's decision. *BP Communications Alaska v. Cent. Collection Agency*, 136 Ohio App.3d 807, 812, 373 N.E.2d 1050 (8th Dist.2000).

**{¶10}** The doctrine of preeemption in labor law was developed to prevent state court interference with the federal regulatory scheme set forth in the NLRA. *Bldrs. Assn. of E. Ohio & W. Pennsylvania, Inc. v. Commercial Piping Co., Inc.*, 70 Ohio St.2d 9, 10, 434 N.E.2d 271 (1982). "'The overriding goal of preemption has been to promote a uniform application of the NLRA by a centralized administrative agency, thereby avoiding potential conflict of rules of law, of remedy, and of administration,' promulgated by different tribunals." *Id.*, quoting *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 242, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

**{¶11}** The NLRA contains no express preemption provision. *Ohio State Bldg. & Constr. Trades Council v. Cuyahoga Cty. Bd. of Commrs.* 98 Ohio St.3d 214, 2002-Ohio-7213, 781 N.E.2d 951, ¶ 46. Further, "Congress has neither exercised its full

authority to occupy the entire field in the area of labor relations nor clearly delineated the extent to which state regulation must yield to this subordinating federal legislation." *Id.* at ¶ 49, citing *Weber v. Anheuser-Busch, Inc.*, 348 U.S. 468, 480-481, 75 S.Ct. 480, 99 L.Ed. 546 (1955).

{¶12} Nevertheless, the United States Supreme Court has recognized two types of preemption by the NLRA. The first, known as *Garmon* preemption, forbids state and local regulation of activities arguably protected under Section 7 of the NLRA or prohibited as an unfair labor practice under Section 8 of the Act. *San Diego Bldg. Trades Council* at 246. Under the second type of preemption, known as *Machinists* preemption, regulation will be preempted if Congress intended that the conduct involved be unregulated and left to the free play of economic forces. *Lodge 76, Internatl. Assn. of Machinists & Aerospace Workers, AFL-CIO v. Wisconsin Emp. Relations Comm.*, 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976). Both the *Garmon* and *Machinists* analyses focus on the conduct or activities involved, and not the cause of action alleged, when determining whether the cause is preempted by the NLRA. *Humility of Mary Health Partners v. Sheet Metal Workers' Local Union No. 33*, 7th Dist. No. 09 MA 91, 2010-Ohio-868, ¶ 17, citing *Internatl. Longshoremen's Assn., AFL-CIO v. Davis*, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986).

{¶13} In this case, we find that Local 18's tortious interference claims are preempted under *Garmon* because the conduct alleged is arguably subject to Section 8(b)(4)(D) of the NLRA, which governs jurisdictional disputes between unions.

{¶14} Under Section 8(b)(4)(D) of the NLRA, it is an unfair labor practice for a labor organization to "threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce" where the intent is:

> forcing or requiring any employer to assign particular work to employees in a particular labor organization * * * rather than to employees in another labor organization * * *.

This language condemns the "prototypical jurisdictional dispute" in which two rival unions have collective bargaining agreements with one employer, each claims that its members are entitled to perform a particular task for that employer, and the employer "seems perfectly willing to assign work to either if the other will just let him alone." *NLRB v. Radio & Television Broadcast Engineers Union, Local 1212 (Columbia Broadcasting Serv.)*, 364 U.S. 573, 579, 81 S.Ct. 330, 5 L.Ed.2d 302 (1961) ("CBS"). Employers involved in a jurisdictional dispute may file for a jurisdictional hearing with the NLRB pursuant to Section 10(k) of the Act, and the National Labor Relations Board is required to determine the merits of the dispute and award the disputed work in accordance with its decision. *Id.*

{¶15} This case presents such a jurisdictional dispute. Both Local 18 and Local 310 have collective bargaining agreements with CNR, and Local 18 is alleging that Local 310 "wrongfully, intentionally, and without justification" procured CNR's breach of its agreement with Local 18. In short, Local 18 is alleging that Local 310 coerced CNR to repudiate its agreement with Local 18 and assign the disputed work to Local 310's members, conduct that is arguably prohibited by Section 8(b)(4)(D).

**{¶16}** Local 18 contends that this case does not involve a jurisdictional dispute, however, because such a dispute requires that each union have a contract with the same employer, and it has no agreement with CNR due to CNR's repudiation. But a repudiation of a contract does not rescind a contract; it merely results in the breach of that contract. *Am. Bronze Corp. v. Streamway Prods.*, 8 Ohio App.3d 223, 228, 456 N.E.2d 1295 (8th Dist.1982); *Daniel E. Terreri & Sons, Inc. v. Mahoning Cty. Bd. of Commrs.*, 152 Ohio App.3d 95, 2003-Ohio-1227, 786 N.E.2d 921 (7th Dist.). Moreover, there could be no repudiation by CNR unless it did, in fact, have a contract with Local 18.

**{¶17}** Local 18 also argues that pursuant to *CBS* and its progeny, in order for there to be any jurisdictional dispute within the exclusive purview of Section 8(b)(4)(D), there must first be a claim to the same work made by two different groups. Local 18 asserts that it has not made any claim for work "nor does Local 18 seek the assignment of such work as a form of damages" anywhere "within the four corners of its complaint." Our review of Local 18's complaint, however, demonstrates that it did indeed seek specific performance from CNR, which can only be interpreted as a demand that CNR assign the disputed work to Local 18.

**{¶18}** Local 18 next argues, citing *Cleveland ex rel. O'Malley v. White*, 148 Ohio App.3d 565, 2002-Ohio-3633, 774 N.E.2d 337 (8th Dist.), that a state court may not find lack of subject matter jurisdiction due to federal preemption unless the National Labor Relations Board has rendered a decision regarding the same subject matter. But *O'Malley* does not stand for the proposition argued by Local 18. While the *O'Malley*

matter was pending on appeal, the NLRB issued a decision regarding an unfair labor practice charge in a related matter. This court found that although the parties named in the lawsuit and the unfair labor practice charge were different, the issue raised in the suit and unfair labor practice charge were the same. Accordingly, this court found that the trial court's decision was preempted by the NLRB's decision. The *O'Malley* decision did not suggest, however, that a court cannot make a preemption determination absent a NLRB finding on the same issue.

{¶19} Finally, at oral argument, Local 18 argued that the trial court improperly considered material outside the pleadings in deciding Local 310's motion for judgment on the pleadings. Specifically, Local 18 argued that its complaint made no mention of competing collective bargaining agreements such that the trial court's finding that Local 18's "claims concern conflicts between two CBA's involving the same employer" was necessarily based on information outside the record. However, in ruling on a Civ.R. 12(C) motion, a trial court is permitted to consider both the complaint and answer. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 1996-Ohio-459, 664 N.E.2d 931. Paragraph 11 of Local 310's answer stated that on May 16, 2009, CNR executed a collective bargaining agreement with Local 310. A copy of CNR's participation and assent agreement and the Local 310 collective bargaining agreement were attached as exhibits to Local 310's answer. Accordingly, the trial court did not err in considering these materials from Local 310's answer.

**{¶20}** Finding no merit to Local 18's arguments, we overrule the assignment of error and affirm the trial court's judgment dismissing Local 18's claims against Local 310 for lack of subject matter jurisdiction.

**{¶21}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR