[Cite as *Berryhill v. Khouri*, 2018-Ohio-1757.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105587

**MARY BERRYHILL**

PLAINTIFF-APPELLEE

vs.

**RUSTOM R. KHOURI, ET AL.**

DEFENDANTS-APPELLEES

[Appeal by Robert Berryhill,
Counterclaim Defendant-Appellant]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-721073

**BEFORE:** Laster Mays, J., Keough, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 3, 2018

**FOR APPELLANT**

Robert J. Berryhill, pro se
Inmate No. 58898-060
Federal Prison Camp
P.O. Box 2000, Unit Two
Lewisburg, PA 17837


**ATTORNEYS FOR APPELLEES**

Mary Berryhill, pro se
345 East Pioneer Trail
Aurora, OH 44202

Michael C. O'Malley
Cuyahoga County Prosecutor

By:  Mary M. Frey
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

Robert B. Weltman
Weltman Weinberg & Reis Co., L.P.A.
323 W. Lakeside Avenue, Suite 200
Cleveland, OH 44113

Tracy K. Stratford
James R. Wooley
Katie M. Mcvoy
Jones Day
North Point Building
901 Lakeside Avenue
Cleveland, OH   44114

Jennifer Armstrong
R. Jeffrey Pollock
McDonald Hopkins Co., L.P.A.
600 Superior Avenue, East
Suite 2100

Cleveland, OH 44114

John R. Climaco
Climaco Wilcox Peca Tarantino & Garofoli
55 Public Square, Suite 1950
Cleveland, OH 44113

ANITA LASTER MAYS, J.:

**{¶1}** Counterclaim defendant-appellant, Robert J. Berryhill, appeals the trial court's denial of his motion to reopen judgment under Civ.R. 60(B).   We affirm.

## I.    Background and Facts

**{¶2}**   According to appellant,

[T]he case arises from a dispute between partners over a long-standing real estate partnership that was absent a partnership agreement. The parties conducted themselves under an oral agreement or understanding for over an eleven year period, which resulted in the creation in excess of $300 million dollars in equity as a direct result of [appellant's] relationships, knowledge and experience.

Appellant's brief, p. 1.

**{¶3}** The partnership referenced was between appellant and defendants-appellees Rustom Khouri ("R. Khouri") and R. Khouri's wife Mary Khouri ("M. Khouri and collectively referred to as the "Khouris") as the owners of defendant Carnegie Management and Development Corporation ("Carnegie"), a commercial real estate development company.   According to the independent contractor employment agreement governing the parties' relationship, appellant was hired to serve as Carnegie's senior vice-president.   The executive compensation package included a 10 percent ownership interest in the limited liability companies formed to hold each development project that appellant secured and implemented.

**{¶4}** Appellant was terminated in 2009 for illegally receiving funds from one of the company's projects. In 2010, appellant's wife Mary Berryhill ("M. Berryhill") sued the Khouris, Carnegie, and the limited liability companies, claiming entitlement to the 10 percent profit distributions from the development deals created by appellant. *M. Berryhill v. Khouri*, Cuyahoga C.P. No. CV-10-721073 (Mar. 12, 2010). The case was assigned to the commercial docket.

**{¶5}** The Khouris admitted that M. Berryhill was entitled to the ownership interests but countered with several claims including that appellant had been embezzling funds from development projects. Appellees also asserted affirmative defense and counterclaim that M. Berryhill assisted appellant's fraud by allowing the limited liability distributions to be placed in her name.

**{¶6}** On December 21, 2011, the trial court granted partial summary judgment for the Khouris barring recovery by M. Berryhill of distributions for ownership interests earned after August 6, 2008, when the embezzlement began. The Khouris later filed a second motion for partial summary judgment arguing that they learned of appellant's false credentials during discovery and would not have hired him if they had known.

**{¶7}** The parties settled the case on December 21, 2012. On March 13, 2013, the Khouris filed to vacate the settlement and for attorney fees on the ground that appellant and M. Berryhill misrepresented their assets and ability to satisfy a judgment. *M. Berryhill*, Cuyahoga C.P. No. CV-10-721073, ¶ 9 (Mar. 12, 2010). The appellant and M. Berryhill withdrew their initial opposition, and the trial court vacated the settlement. Discovery was reopened, and trial was scheduled.

**{¶8}** On May 8, 2013, the trial court granted the second motion for partial summary

judgment finding that: (1) appellant fraudulently induced appellees into entering the employment contract by lying about his education and credentials; (2) the misrepresentation was material and appellees relied on it in entering into the employment contract and in including the information in development project materials; (3) the contract is void and M. Berryhill lacks any interest in the limited liability companies; (4) M. Berryhill's claims were barred and dismissed with prejudice; (5) appellant owed $219,796.45 for funds embezzled from one of the projects; and (6) an evidentiary hearing would be held for attorney fees and costs. On May 29, 2013, the trial court awarded $693,631.50 for attorney fees and $33,170.47 for costs.

{¶9} In *Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 100173, 2014-Ohio-5041, ¶ 3 ("*Berryhill I*"),[1] this court affirmed the trial court's grant of summary judgment. *Id*. at ¶ 20. This court also concluded "that the trial court did not abuse its discretion in rendering the attorney fees award and the award of costs." *Id*. at ¶ 31.

{¶10} Defendants-appellees' motion for partial summary judgment was filed on November 25, 2014. It reiterated as undisputed facts, the importance of credentials to the position for which appellant was hired, and stated the amounts appellant received in salary, health benefits, expense reimbursements, and $2,005,740.57 in bonuses and distributions from the limited liability companies.

{¶11} Noting that the trial court had already determined appellant's liability for fraudulent inducement, "the only outstanding question is the equitable amount due to [d]efendants to return them to their original position." Motion for summary judgment, p. 4.

---

[1] "In April 2013, appellant pled guilty to five counts of mail fraud, two counts of wire fraud, and one count each of aggravated identity theft and false personation of an officer or employee of the United States. Appellant was sentenced to six years in prison." *Berryhill I* at ¶ 3, fn. 1.

Appellees sought $2,005,740.57 plus $193,925.00 in attorney fees and $41,775.62 in costs, but did not seek recovery of salary, benefits, and business expense reimbursements.

{¶12} On January 9, 2015, due to the retirement of the commercial docket judge, coupled with the pending dissolution of the commercial docket, the case was transferred to same judge who was then serving as a visiting judge. The pending motion for partial summary judgment was granted on January 20, 2015. The commercial docket was disbanded on January 21, 2015.

{¶13} On June 25, 2015, appellant filed a motion entitled "motion to reopen or reinstate to arrest summary judgment." The motion was summarily denied on July 10, 2015, by the visiting judge. On July 20, 2015, appellant filed a Civ.R. 60(B)(1) and (3) "motion to reopen judgment" and subsequently requested that the trial court rule on the motion.

{¶14} On January 25, 2017, this court granted, in part, appellant's complaint for a writ of mandamus ordering the visiting judge to issue a ruling on the pending motion, but denying appellant's request for findings of fact and conclusions of law. *State ex rel. Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 105090, 2017-Ohio-302.

{¶15} On February 9, 2017, appellant requested that the trial court accept his amended affidavit in support of the pending motion to reopen because he was denied access to a notary at the time he filed the motion. On March 1, 2017, the case was transferred to the docket of the administrative and presiding judge because the previously assigned visiting judge was no longer available. Also on March 1, 2017, the administrative judge denied appellant's motion to reopen judgment.

{¶16} Appellant appeals the denial.

II. **Assignments of Error**

{¶17}   Appellant offers five assignments of error for our review:

I.      Whether the administrative judge of the trial court lacked authority to assign case from a disbanded commercial docket to his own docket per Ohio Rules Superintendence 49.03(B).

II.     Whether a retired judge formally sitting on a Court of Common Pleas commercial docket has the authority to retain his own cases and issue rulings after the commercial docket is disbanded in disregard of Rule 49.03(B) of the Ohio Supreme Court Rules of Superintendence.

III.    Whether the trial court abused its discretion by denying appellant's Civ.R. 60(B) motion in apparent disregard to the factual allegations of mistake by the court, excusable neglect, and/or inadvertence by appellant, without a hearing and without the ability to present testimony in support of the errors allegedly committed.

IV.     Whether the trial court abused its discretion by denying appellant's Civ.R. 60(B) motion containing factual allegations of lies and misrepresentations made to the trial court by defendant-counterclaiming-appellees in their affidavit and pleadings, causing the trial court to issue its basis in ruling in favor of a default judgment against appellant, as the appellant deserved such relief in the interests of justice and equity.

V.      Whether the trial court abused is discretion, causing a miscarriage of justice and equity, when it denied appellant's Civ.R. 60(B) motion in response to a default judgment, by not finding that it had made substantive mistakes of Ohio law, and rescinding a non-existent employment contract that the law cannot support when weighed by the definitions and facts; and the award of legal fees, when punitive damages were not awarded.

## III.    Discussion

### A.      Judicial Authority Pursuant to Rule 49.03, Ohio Supreme Court Rules of Superintendence

{¶18}   We combine the first and second assigned errors for analysis. Appellant challenges the authority of the administrative and presiding judge to assign the case to the judge's own docket after the commercial docket was disbanded, and questions the authority of a retired visiting judge to retain cases and issue rulings after the commercial docket was disbanded. We find that the assigned errors lack merit.

**{¶19}** Appellant argues that the trial court's January 2015 entry granting partial summary judgment is invalid because the commercial docket had disbanded.[2] Appellant cites Ohio Sup.R. 49.03, which governs the procedure to employ when terminating a commercial docket under certain fact situations, in support of his argument that the commercial judge lacked authority to issue the entry. However, we need not apply the rule here. The entry granting partial summary judgment was executed on January 20, 2015. The docket was disbanded on January 21, 2015. Therefore, the commercial docket was still in effect and the entry was validly issued.

**{¶20}** Appellant also argues that the March 1, 2017 denial of his Civ.R. 60(B)(1) and (3) motion to reopen was invalid because this court's writ of mandamus ordered the trial judge, not the administrative and presiding judge, to rule on the motion. The commercial docket was no longer in existence as noted in the administrative and presiding judge's March 1, 2017 entry, entered prior to the denial entry.

**{¶21}** "A presiding judge of a court may serve as an administrative judge of a court or division of a court pursuant to Sup.R. 4." Ohio Sup.R. 3.02. *See also* Ohio Sup.R. 4.04. In addition, the administrative judge may transfer or assign a case as is required to assist with case management. In this case, the assigned judge was no longer available and the administrative and presiding judge had authority to transfer and rule. *See generally*, Ohio Sup.R. 36.014 and 36.016.

**{¶22}** The first and second assigned errors are without merit.

**B.     Motion to Reopen**

---

[2]   Appellant's challenge to this order is out of time; however, we choose to address it because it is easily explained.

**{¶23}** We combine the remaining errors for purposes of judicial economy that challenge the trial court's denial of appellant's motion to reopen the case pursuant to Civ.R. 60(B)(1) and (3). We affirm the trial court's judgment.

**{¶24}** A trial court's denial of a motion for relief from judgment under Civ.R. 60(B) is reviewed for an abuse of discretion. *Obloy v. Sigler*, 8th Dist. Cuyahoga No. 101672, 2015-Ohio-877, ¶ 10, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). We consider whether the trial court's ruling was "'unreasonable, arbitrary or unconscionable'" to demonstrate an abuse of discretion. *Id.*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶25}** A movant must meet each of three requirements to prevail on a motion for relief from judgment under Civ.R. 60(B):

> (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). The failure to establish any one of these requirements will result in the denial of the motion. *See Rose Chevrolet, Inc.*, at 20.

*Sigler* at ¶ 10.

**{¶26}** Civ.R. 60(B)(1) provides for relief from judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect." *Id.* Civ.R. 60(B)(3) allows relief due to "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party."

**{¶27}** Motions for Civ.R. 60(B)(1) and (3) may not be made more than one year after the judgment. Civ.R. 60(B). The judgment was issued on January 22, 2015. Appellant filed his motion on July 20, 2015, which is within one year of the judgment and explains that the

delay was caused by the circumstances of his current incarceration. We need not elaborate on whether the timeliness is reasonable under the statute because we find that appellant is unable to meet the merit requirement for Civ.R. 60(B) relief.

**{¶28}** This court affirmed the trial court's finding that appellant fraudulently induced the parties into contracting with him in *Berryhill I*. Also in *Berryhill I*, we affirmed the trial court's decision to award attorney fees and costs where the fees and costs were incurred due to "appellant's extensive fraud," and the fees were discounted to an hourly rate "commensurate with those charged by large corporate firms in the community." *Id*. at ¶ 30.

**{¶29}** The crux of appellant's motion to vacate is to challenge the previously adjudicated issue of the determinations as to fraud in this case. That issue is barred by the doctrines of res judicata and law of the case. "The doctrine of res judicata bars claims that were or could have been raised on appeal." *Clinton v. MetroHealth Sys*., 8th Dist. Cuyahoga No. 104957, 2017-Ohio-4073, ¶ 8, citing *M & T Bank v. Steel*, 8th Dist. Cuyahoga No. 101924, 2015-Ohio-1036, ¶ 13. Under the law of the case doctrine "'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Id*. at ¶ 9, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

**{¶30}** The sole issue for the trial court's resolution of the November 25, 2014 motion for partial summary judgment was to determine what remedy would return appellees to their "original position" in light of the rescission. Journal entry No. 8756158 (Jan. 20, 2015), p. 2, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954). Appellees did not request that appellant return his salary and benefits, but only the 10 percent interest in the project limited

liability companies and the bonuses that were provided to appellant due to the fraudulent credentials.

{¶31} Appellant has advanced no viable defenses supporting entitlement to relief from judgment in this case. The claims contained in appellant's motion are without merit and are barred by the doctrines of res judicata and law of the case. *See Clinton*, 8th Dist. Cuyahoga No. 104957, 2017-Ohio-4073, ¶ 8-9, citing *M & T Bank*, 8th Dist. Cuyahoga No. 101924, 2015-Ohio-1036, ¶ 13 and *Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410.

{¶32} The remaining assignments of error lack merit.

{¶33} The trial court's judgment is affirmed.

It is ordered that appellees recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LARRY A. JONES, SR., J., CONCUR