[Cite as *Berryhill v. Khouri*, 2021-Ohio-504.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ROBERT BERRYHILL, :

    Plaintiff-Appellant, : No. 109411

    v. :

RUSTOM R. KHOURI, ET AL., :

    Defendants-Appellees. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 25, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-915052

### *Appearances:*

Robert Berryhill, *pro se.*

Tucker Ellis L.L.P., John F. McCaffrey, Courtney E.S. Mendelsohn, and Melissa Z. Kelly, *for appellees.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant Robert Berryhill ("Berryhill") appeals from the decision of the trial court that granted the Civ.R. 12(C) motion for judgment on the

pleadings of defendants-appellees Rustom R. Khouri, et al.[1]  Upon review, we hold the action is barred by res judicata and affirm the trial court's decision.

**Background**

{¶ 2}  This appeal is taken from a ruling from the trial court that found the claims raised by Berryhill in this action "should have been brought as compulsory counterclaims in a prior action and are now barred by res judicata."  The trial court conducted a hearing on appellees' Civ.R. 12(C) motion for judgment on the pleadings.  The trial court determined that Berryhill's claims "are admittedly stemming from the business relationship entered into by the parties in 1998" and that this business relationship is the same business relationship that was the subject of a prior action in which Berryhill was named as a counterclaim defendant.  The trial court concluded that the claims were barred by res judicata and granted appellees' Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 3}  The prior action, Cuyahoga C.P. No. CV-10-721073 ("the 2010 case"), was brought in March 2010 by Berryhill's wife, Mary Berryhill ("Mary B.").  She raised claims against Rustom Khouri, Mary Khouri (collectively "the Khouris"), Carnegie Management and Development Corporation ("Carnegie"), and various

---

[1] There are 26 defendants-appellees, which include Rustom R. Khouri and Mary Khouri, Carnegie Management and Development Corporation, Diamond Property Maintenance Company, Ltd., Mary Khouri Trust, Lauren A. Khouri Trust, Jonathan R. Khouri Trust, Carolyn A. Khouri Trust, Rustom Raymond Khouri III Trust, Aviana Company Ltd., Aviana Company II, Ltd., Aviana Company 3 L.L.C., Canton Courthouse Company, Cartario Company, Ltd., Cartario Company II, Ltd., Clecar Company L.L.C., Crown Point VA Company, Illirs Company, Indy Fedreau Company, Knoxbi Company, Kyle Texas Company L.L.C., Minnalex Company, Ltd., Norcar Company L.L.C., Norcar Company II L.L.C., Springcar Company, and SSAB Florida Company.

limited liability companies ("L.L.C.s") managed by Carnegie, a commercial real estate development company. Berryhill, who was an independent contractor, served as Carnegie's senior vice-president until 2009. In her amended complaint, Mary B. claimed a 10 percent ownership interest in the various limited liability companies, which was to be part of her husband's compensation for various development deals he completed. She raised various claims arising from the business dealings of the parties.

{¶ 4} The defendants in the 2010 case filed an answer and counterclaim that named Berryhill as a counterclaim defendant. In the counterclaim, the defendants described their business relationship with Berryhill and specifically alleged that in August 1998, they "entered into a business relationship" for the purpose of assisting Carnegie in "the development of retail and other specialty build-to-suit real estate projects." The defendants also alleged that "Carnegie and the Khouris offered Mr. Berryhill the option to become a part-owner in Carnegie's development projects on a number of occasions throughout the course of their relationship" and that Berryhill "requested that the ownership interests be transferred to his wife, Mrs. Berryhill." The defendants admitted to Mary B.'s ownership interest and admitted she had been issued a Schedule K-1 statement, which set forth her receipt of income for several of the limited liability companies. However, the defendants maintained that the ownership interest was obtained by fraud and that Berryhill had made false representations about his credentials. Additionally, the counterclaim described a wide-ranging embezzlement scheme by

Berryhill.[2]  The counterclaim raised 11 claims, all of which arose out of Berryhill's independent contractor work for Carnegie, his theft and misrepresentations during that work, and Mary B.'s knowledge and assistance in her husband's scheme.

{¶ 5} The trial court granted partial summary judgment to the defendants on Mary B.'s claims, finding that Berryhill's embezzlement excused the defendants' performance after August 6, 2008.  Eventually, the trial court granted the defendants summary judgment on all of Mary B.'s claims upon finding Berryhill "fraudulently induced the defendants into entering the underlying employment contract, the contract is void and [Mary B.] does not have an interest in any of the L.L.C.s listed in her complaint."  The trial court also granted the defendants summary judgment on their counterclaim for embezzlement and found Berryhill owed $219,796.45 for funds embezzled from one of the projects.

{¶ 6} The trial court's decision in the 2010 case was affirmed by this court on appeal in *Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 100173, 2014-Ohio-5041 ("*Berryhill* I").  This court found that "[t]he record contains unrefuted evidence that demonstrates that when Robert *first sought* employment with Carnegie in 1998, he made the untrue representations" and that "since the association between the parties proceeded as a series of transactions, the false representations were material to each ensuing transaction."  (Emphasis sic.)  *Id.* at ¶ 18-19.

---

[2] Berryhill pleaded guilty to federal charges arising from his conduct and was sentenced to six years in prison.

{¶ 7} In January 2015, the trial court in the 2010 case granted the defendants summary judgment on rescission of their agreement with Berryhill and entered judgment in an amount exceeding $2 million, plus attorney fees and costs.[3] That decision was not appealed.

{¶ 8} In July 2015, Berryhill filed a motion to reopen judgment, which was denied by the trial court. That decision was affirmed in *Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 105587, 2018-Ohio-1757 ("*Berryhill* II"). In that appeal, Berryhill had argued there was "a dispute between partners over a long-standing real estate partnership that was absent a partnership agreement * * * for over an eleven-year period * * *." *Id.* at ¶ 2. This court recognized that in *Berryhill* I, we affirmed the trial court's finding that Berryhill fraudulently induced the parties into contracting with him and that "[t]he crux of appellant's motion to vacate is to challenge the previously adjudicated issue of the determinations as to fraud in this case." *Id.* at ¶ 29. This court determined that Berryhill's challenge was barred by res judicata and law of the case. *Id.* at ¶ 28-29.

{¶ 9} On May 8, 2019, Berryhill filed his complaint in this case. Berryhill claimed that in April 1998, prior to any alleged unwritten employment agreement, the parties created a partnership, which was absent a written partnership agreement. The complaint sets forth factual allegations and raises several causes of action stemming from the business relationship with appellees. The complaint

---

[3] The defendants did not seek recovery of salary, benefits, and insurance, or reimbursements. Rather, they only sought the return of money paid to Berryhill and/or Mary B. on account of the ownership interest.

raises allegations of appellees' alleged misconduct that mimic similar allegations raised in the 2010 case. The complaint also alleges the 10 percent ownership interest in the limited liability companies was granted to the Mary Berryhill Trust, as opposed to Mary Berryhill individually.

{¶ 10} In their answer, appellees raised several affirmative defenses, including res judicata as a bar to the claims and the failure to assert the claims as compulsory counterclaims in the 2010 case. The answer attached and incorporated documents relevant to the issue of res judicata, including certified documents relating to the 2010 case and a federal criminal case involving Berryhill's embezzlement from Carnegie.

{¶ 11} On July 10, 2019, appellees filed their Civ.R. 12(C) motion for judgment on the pleadings. Following a hearing, the trial court granted the motion on January 17, 2020, upon finding Berryhill's claims should have been raised as compulsory counterclaims in the prior action and were barred by res judicata. Berryhill timely filed this appeal.

**Law and Analysis**

{¶ 12} Under his first assignment of error, Berryhill claims that the trial court abused its discretion in granting appellees' Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 13} "Appellate review of a judgment on the pleadings involves only questions of law and is therefore de novo." *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-

2851, 133 N.E.3d 482, ¶ 8, citing *Rayess v. Educational Comm. For Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18. Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74, 2002-Ohio-1383, 765 N.E.2d 854. When considering a Civ.R. 12(C) motion for judgment on the pleadings, the court may consider the complaint, the answer, and any material attached as exhibits to those pleadings. *Jordan v. Giant Eagle Supermarket*, 8th Dist. Cuyahoga No. 109304, 2020-Ohio-5622, ¶ 20, citing *Schmitt v. Educational Serv. Ctr.*, 8th Dist. Cuyahoga No. 97623, 2012-Ohio-2210, ¶ 9.

{¶ 14} Civ.R. 13(A) governs compulsory counterclaims and states in pertinent part as follows:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

{¶ 15} "Civ.R. 13(A) requires all existing claims between opposing parties that arise out of the same transaction or occurrence to be litigated in a single lawsuit,

regardless of which party initiates the lawsuit." *Rettig Ents. v. Koehler*, 68 Ohio St.3d 274, 278, 1994-Ohio-127, 626 N.E.2d 99. "'[T]he two-pronged test for applying Civ.R. 13(A) is: (1) does the claim exist at the time of serving the pleading * * *; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim.'" *Id.* at 277, citing *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14, 457 N.E.2d 827 (1984).

{¶ 16} The Supreme Court of Ohio has adopted the "logical relation" test to determine whether the claims arise out of the same transaction or occurrence. *Id.* at paragraph two of the syllabus. The test provides that "a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts[.]" *Id.*; Civ.R. 13(A) Staff Notes (1970). "Thus, multiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'" *Id.* at 279*,* quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961).

{¶ 17} The purpose of Civ.R. 13(A) is "to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters." *Id.* at 278. "In addition to promoting judicial economy, the rule is designed to assist courts with the 'orderly delineation of res judicata.'" *Ferrara v. Vicchiarelli Funeral Servs.*, 2016-Ohio-5144, 69 N.E.3d 171, ¶ 11 (8th Dist.), quoting *Lewis v. Harding*, 182 Ohio App.3d 588, 2009-Ohio-3071,

913 N.E.2d 1048, ¶ 12 (8th Dist.).  Therefore, "[a] party who fails to assert a compulsory counterclaim at the proper time is barred from litigating that claim in a subsequent lawsuit." *Id.*, citing *Lewis* at ¶ 12.

{¶ 18} Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).  Res judicata bars a second action when the following four elements are met:

> (1)  a court of competent jurisdiction rendered a valid final judgment on the merits in an earlier action, (2) the second action involves the same parties or their privies; (3) the second action raises claims that were or could have been litigated in the first cause of action, and (4) the second action arises out of the same transaction or occurrence that was the subject of the first action.

*State ex rel. Armatas v. Plain Twp. Bd. of Zoning Appeals*, 160 Ohio St.3d 161, 2020-Ohio-2973, 154 N.E.3d 74, ¶ 9, citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84.  "Res judicata involves both claim preclusion and issue preclusion" and can operate to bar "the same issue between the same parties or those in privity with them."  *McAdams v. Mercedes-Benz USA, L.L.C.*, Slip Opinion No. 2020-Ohio-3702, ¶ 21, citing *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7.

{¶ 19} Initially, we address Berryhill's argument that res judicata is not grounds for dismissal under Civ.R. 12.  Berryhill relies on authority pertaining to a Civ.R. 12(B) motion to dismiss, rather than a Civ.R. 12(C) motion.  Civ.R. 12(B)

instructs that every defense to a claim for relief must be asserted in a responsive pleading, but the rule makes exception for certain defenses that may be raised by motion. Res judicata is not among those defenses. Therefore, the Supreme Court of Ohio has held that "[r]es judicata is not among the defenses that may be raised in a Civ.R. 12(B) motion to dismiss." *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, ¶ 6, citing *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 9-10; *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991). However, a Civ.R. 12(C) motion requires different consideration.

{¶ 20} The Supreme Court of Ohio has recognized that although ordinarily res judicata is not a proper basis for dismissal under Civ.R. 12, the trial court may appropriately consider whether res judicata applies when the res judicata defense "does not depend on documents outside the pleadings." *Jones v. Wainwright*, Slip Opinion No. 2020-Ohio-4870, ¶ 5. "A determination of a Civ.R. 12(C) motion [for judgment on the pleadings] takes into consideration the complaint, answer, and any materials attached as exhibits to those pleadings." *Kalski v. Bartimole*, 8th Dist. Cuyahoga No. 108995, 2020-Ohio-4137, ¶ 26, citing *Schmitt v. Educational Serv. Ctr.*, 8th Dist. Cuyahoga No. 97623, 2012-Ohio-2210, ¶ 9; *see also* Civ.R. 10(C) (stating that "[a] copy of any written instrument attached to a pleading is a part of the pleading for all purposes); *Internatl. Union of Operating Engineers, Local 18 v. CNR Trucking, Inc.*, 2013-Ohio-2094, 992 N.E.2d 503, ¶ 9 (8th Dist.) (finding trial court was permitted to consider documents attached to an answer in ruling on a

Civ.R. 12(C) motion). Therefore, a Civ.R. 12(C) motion for judgment on the pleadings may be granted when the determination of res judicata does not depend on documents outside of the pleadings. *See Carson v. Carrick*, 8th Dist. Cuyahoga No. 108129, 2019-Ohio-4260 (trial court did not err in granting Civ.R. 12(C) motion for judgment on the pleadings upon finding claim on an account stated was a compulsory counterclaim not raised in the original action and was barred by res judicata).

{¶ 21} In this case, appellees attached and incorporated in their answer, certified copies of pleadings, filings, and orders from the 2010 case, certified copies of the decisions in *Berryhill* I and *Berryhill* II, and a certified copy of the docket in the federal criminal litigation. Because we do not need to resort to any evidence outside the pleadings to determine whether the action is barred by res judicata, the Civ.R. 12(C) motion is properly before us.

{¶ 22} Upon our de novo review, we must consider whether the claims should have been brought as compulsory counterclaims in the prior action and whether they are precluded under the doctrine of res judicata. That this action alleges a partnership, as opposed to an employment agreement, or an interest in the Mary Berryhill Trust, as opposed to the individual, is not determinative in this matter. Although Berryhill believes that the trial court expanded the judgment in the 2010 action to include the alleged partnership agreement, there is no merit to this argument. The trial court engaged in a proper analysis for determining whether the claims in this case should have been brought as compulsory counterclaims in the

2010 case and determined that the claims stemmed from the same business relationship and business dealings as the 2010 action. Although Berryhill now asserts a partnership was created before the unwritten employment agreement addressed in the 2010 action, the pleadings demonstrate that his claims relating to the alleged partnership are logically related to the claims in the 2010 case. Likewise, although Berryhill now alleges the ownership interest was in the Mary Berryhill Trust, the pleadings demonstrate that his claims relate to the ownership interest that was at issue in the 2010 case.

{¶ 23} Upon our review, we find that the claims raised in this action should have been brought as compulsory counterclaims in the 2010 case. The complaint describes the business relationship between Berryhill and appellees, his work on behalf of Carnegie, alleged misconduct by appellees with respect to the business relationship and the L.L.C.s, and the asserted ownership interest involving the L.L.C.s. The claims raised in this case, like the claims raised in the 2010 case, stem from the parties' business relationship and the alleged ownership interest relating to the L.L.C.s. The counterclaim in the 2010 case discussed the parties' business relationship and alleged that Berryhill was offered the option to become a part-owner in Carnegie's development projects and that Berryhill requested his ownership interests be transferred to his wife. Further, the pleadings in this case reflect that Berryhill relies upon many of the same facts and he places the same issues in controversy that were the subject matter of the 2010 case, including the scope of the business relationship, the obligations of the parties arising from the

business relationship, and the propriety of conduct taken by the parties with respect to the L.L.C.s. Therefore, separate trials on the respective parties' claims would involve a substantial duplication of effort and time by the parties and the courts. Moreover, the present case presents many of the same factual and legal issues stemming from the parties' business relationship and business dealings that were presented in the 2010 case, and it is apparent that the claims are offshoots of the same basic controversy between the parties. Accordingly, we find that the claims are logically related and arise out of the transaction or occurrence at issue in the prior action. *See Rettig*, 68 Ohio St.3d at 279, 626 N.E.2d 99 (finding claims logically related where they were "offshoots of the basic controversy between the parties over an accounting of various rights, obligations, and liabilities springing from the business arrangement [between them] and include many of the same factual and legal issues."); *Ferrara*, 2016-Ohio-5144, 69 N.E.2d 171, at ¶ 13 (finding claims were logically related where "[b]oth lawsuits concerned the mishandling of the final arrangements of the Ferraras' relative by the Funeral Home"); *McAlpine v. Patrick*, 8th Dist. Cuyahoga No. 86453, 2006-Ohio-1101, at ¶ 16 (finding claims were logically related because they each arose out of the same relationship between the parties).

{¶ 24} Additionally, it is evident from the pleadings that the present claims existed at the time of the 2010 case. Insofar as Berryhill relies upon an alleged partnership entered prior to the employment agreement, this does not change our analysis. Berryhill was aware of these claims before he was a party to the 2010 case.

{¶ 25} Berryhill also is precluded from relitigating any purported right arising out of Mary B.'s interest in the L.L.C.s. The prior action determined that Berryhill's fraudulent inducement voided any interest Mary B. had in the L.L.C.s, which was upheld in *Berryhill* I, 8th Dist. Cuyahoga No. 100173, 2014-Ohio-5041.

{¶ 26} Because the claims in the present action should have been brought as compulsory counterclaims in the 2010 case, res judicata bars this action. Additionally, common law res judicata bars this action. There was a valid final judgment on the merits in the 2010 action, and the present action involves the same parties or their privies, raises claims that were or could have been litigated in the first action, and arises out of the same transaction or occurrence that was the subject of the first action. Berryhill's sole assignment of error is overruled.

**Conclusion**

{¶ 27} Having reviewed the pleadings in this matter, we find it appears beyond doubt that Berryhill can prove no set of facts warranting the requested relief because his claims are compulsory counterclaims that should have been raised in the 2010 case and the action is barred by res judicata. Accordingly, we uphold the trial court's decision to grant appellees' Civ.R. 12(C) motion for judgment on the pleadings. Berryhill's sole assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MICHELLE J. SHEEHAN, J., CONCUR