[Cite as *State ex rel. Armatas v. Plain Twp. Bd. of Zoning Appeals*, 2019-Ohio-3258.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, ex rel. | : | JUDGES: |
| STEVEN A. ARMATAS | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Relator, | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| PLAIN TOWNSHIP | : | |
| BOARD OF ZONING APPEALS | : | |
| | : | Case No. 2019CA00001 |
| And | : | |
| | : | |
| THOMAS FERRARA, in his official | : | |
| Capacity as Zoning Director for | : | |
| Plain Township, Ohio | : | |
| | : | O P I N I O N |
| Respondents, | : | |
| | : | |

CHARACTER OF PROCEEDING:        Writ of Mandamus


JUDGMENT:        Dismissed

DATE OF JUDGMENT:        August 12, 2019


APPEARANCES:

For Relator        For Respondent Thomas Ferrara

STEVEN A. ARMATAS        JAMES F. MATHEWS
7690 Bucknell Circle N.W.        ANDREA K. ZIARKO
North Canton, Ohio 44720        Baker, Dublikar, Beck, Wiley & Mathews

        400 South Main Street
        North Canton, Ohio 44720


For Respondent Plain Township Board
Of Zoning Appeals

ERIC J. WILLIAMS
Pelini, Campbell & Williams, LLC
8040 Cleveland Ave, NW, Suite 400
North Canton, Ohio 44720

*Baldwin, J.*

{¶1}    Relator, Steven Armatas, has filed a Complaint for Writ of Mandamus requesting this Court issue a writ ordering the following: first, Relator seeks an order requiring Respondent Ferrara, who is the Plain Township Zoning Director, to reduce his decision in writing; and second, Relator seeks an order requiring the Plain Township Board of Zoning Appeals to hold a hearing and issue a written decision on appeal after Ferrara issues his written decision.

{¶2}    Respondents have filed a Motion for Summary Judgment which Relator opposes.

{¶3}    Relator filed his first Petition for Writ of Mandamus on October 14, 2016 naming the Plain Township Board of Trustees and Thomas Ferrara, the zoning director, as respondents.  The 2016 petition was based upon the same set of facts as the instant petition.

{¶4}    The essence of both complaints revolves around a local zoning ordinance Relator believed his neighbors violated.  Relator asked Respondent Ferrara to find a violation of the ordinance.  Ferrara orally advised Relator he did not believe the neighbors were in violation of the ordinance.  In his first complaint, Relator filed a petition for writ of mandamus requesting this Court order the Respondents to enforce the zoning ordinance. This Court dismissed the petition because Relator has or had an adequate remedy at law by appealing a decision of the zoning inspector to the zoning board.  Relator filed an appeal of our decision with the Supreme Court, however, the case was dismissed for want of prosecution.

{¶5}    Following our decision in the first mandamus case, Relator did pursue an appeal of the decision of the zoning inspector to the zoning board.  The zoning board refused to hear the appeal because the appeal was untimely.

{¶6} Relator has now instituted this second mandamus petition requesting the zoning director be ordered to reduce his decision in writing and requesting the zoning board be ordered to hear his appeal once the decision is reduced to writing.

{¶7} Relator could have raised the issue of Ferrara's failure to reduce his decision to writing in the first mandamus action, therefore, raising the issue in a second mandamus complaint is barred by res judicata.

{¶8} "*Res judicata* operates as 'a complete bar to any subsequent action on the same claim or cause of action *between the parties or those in privity with them.*'" *Brown v. Dayton*, 89 Ohio St.3d 245, 2000-Ohio-148, 730 N.E.2d 958.

{¶9} "What constitutes privity in the context of *res judicata* is somewhat amorphous. A contractual or beneficiary relationship is not required:

{¶10}

In certain situations * * * a broader definition of 'privity' is warranted. As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata.*' *Bruszewski v. United States* (C.A.3, 1950), 181 F.2d 419, 423 (Goodrich, J., concurring)."

*Thompson v. Wing* (1994), 70 Ohio St.3d 176, 184, 637 N.E.2d 917, 923.

*Brown v. Dayton*, 89 Ohio St.3d 245, 2000-Ohio-148, 730 N.E.2d 958.

{¶11} The claim that Respondent Ferrara should be required to reduce his decision to writing existed at the time of the first mandamus action was brought, therefore, the claim could have been raised in the first mandamus action. "The judgment in [the] first mandamus

action is conclusive on all claims that either were or *might have been* litigated in the first lawsuit.*" State ex rel. Carroll v. Corrigan*, 91 Ohio St.3d 331, 2001-Ohio-54, 744 N.E.2d 771.

{¶12} Here, Relator could have brought the claims against the zoning inspector in the first mandamus action. The zoning director was named as a party in the first mandamus petition, and the facts in the first petition surrounded the actions of the zoning director. Relator could have raised the issue in the first petition, therefore, he is barred from raising it now.

{¶13} Next, Relator asks this Court to issue a writ requiring the Zoning Board to hold a hearing once Ferrara issued a written decision. This cause of action is conditioned upon our granting a writ in the first cause of action which we have decided will not issue. Therefore, the second cause of action is moot. Summary judgment is granted on all claims is granted in favor of Respondents.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.