[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kerr v. Kelsey*, Slip Opinion No. 2020-Ohio-1057.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1057

THE STATE EX REL. KERR, APPELLANT, *v*. KELSEY, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kerr v. Kelsey*, Slip Opinion No. 2020-Ohio-1057.]

*Prohibition—Res judicata—A valid, final judgment on the merits bars subsequent actions based on claims arising out of transaction or occurrence that was the subject matter of the previous action—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2019-1196—Submitted January 28, 2020—Decided March 25, 2020.)

APPEAL from the Court of Appeals for Wood County, No. WD-19-047, 2019-Ohio-3215.

_____

**Per Curiam.**

{¶ 1} This appeal involves a request by appellant, Jeremy Kerr, for a writ of prohibition to vacate judgments in two civil cases. The court of appeals dismissed Kerr's complaint. We affirm.

{¶ 2} This case follows two civil cases in which Kerr was a party and in which appellee, former Wood County Court of Common Pleas Judge Reeve Kelsey, presided. In the first case, filed in 2011, Keith Lenz sued Kerr Building, Inc. After Kerr Building failed to answer Lenz's complaint, the common pleas court entered default judgment in Lenz's favor. The common pleas court then allowed Lenz to amend his complaint to add Kerr as a defendant and ultimately entered judgment against Kerr Building and Kerr, jointly and severally.

{¶ 3} Following that judgment, in 2013, Lenz filed a second lawsuit alleging that Kerr Building and Kerr had fraudulently transferred real property to another of Kerr's business entities to avoid attachment of the judgment lien from the first lawsuit. The common pleas court entered judgment in Lenz's favor, enjoining Kerr and his entities from transferring the property.

{¶ 4} In 2019, Kerr filed a complaint for a writ of prohibition in the Sixth District Court of Appeals against Judge Kelsey, alleging that multiple errors in the two civil cases rendered the judgments in those cases void. The court of appeals dismissed Kerr's petition sua sponte. Kerr appealed to this court as of right.

{¶ 5} Kerr has already tried to vacate the civil judgments at issue in this case by filing a mandamus claim in this court in 2018 (case No. 2018-0100). The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. We did not specify otherwise in our entry dismissing Kerr's mandamus complaint in case No. 2018-0100, so the dismissal operated as an adjudication on the merits. *See* Civ.R. 41(B)(3). Because Kerr's prior lawsuit attacking the validity of the same underlying judgments has been adjudicated on the merits, his current claim is barred by res judicata.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Jeremy Kerr, pro se.

Paul Dobson, Wood County Prosecuting Attorney, and Maria Arlen B. de la Serna, Assistant Prosecuting Attorney, for appellee.

_____