[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Armatas v. Plain Twp. Bd. of Zoning Appeals*, Slip Opinion No. 2020-Ohio-2973.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-2973

THE STATE EX REL. ARMATAS, APPELLANT, *v.* PLAIN TOWNSHIP BOARD OF ZONING APPEALS ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Armatas v. Plain Twp. Bd. of Zoning Appeals*, Slip Opinion No. 2020-Ohio-2973.]**

*Mandamus—Property owner's claim against township zoning inspector barred by res judicata—Relief sought against board of zoning appeals contingent on claim against inspector—Court of appeals' grant of summary judgment in favor of inspector and board affirmed.*

(No. 2019-1237—Submitted March 10, 2020—Decided May 19, 2020.)

APPEAL from the Court of Appeals for Stark County,

No. 2019CA00001, 2019-Ohio-3258.

_____

**Per Curiam.**

{¶ 1} Appellant, Steven A. Armatas, appeals the judgment of the Fifth District Court of Appeals, which held that Armatas's complaint for a writ of mandamus is barred by the doctrine of res judicata. We affirm.

**Background**

{¶ 2} In September 2016, Armatas went to the office of appellee Plain Township zoning inspector Thomas Ferrara to complain about a neighbor's trees. Armatas claimed that the trees, which were 20 feet tall, violated a township zoning provision prohibiting hedges higher than 8 feet. Ferrara told Armatas that the trees did not violate the zoning code because they did not constitute a hedge.

{¶ 3} In October 2016, Armatas filed a mandamus action in the Fifth District seeking to compel Ferrara and the Plain Township Board of Trustees to enforce the zoning provision against his neighbor. The Fifth District dismissed the complaint because Armatas had an adequate remedy at law—he could have appealed Ferrara's decision to appellee Plain Township Board of Zoning Appeals. *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 5th Dist. Stark No. 2016CA00188, 2017-Ohio-2645. Armatas appealed the Fifth District's judgment to this court, but we dismissed the appeal after Armatas failed to file a merit brief. 150 Ohio St.3d 1418, 2017-Ohio-7303, 80 N.E.3d 509.

{¶ 4} In October 2018, Armatas attempted to appeal Ferrara's September 2016 decision to the board of zoning appeals. The board, however, dismissed the appeal as untimely. *See* Plain Township Zoning Resolution Section 1201.8 (requiring that appeals to the board of zoning appeals be filed within 20 days of the decision being appealed).

{¶ 5} In January 2019, Armatas filed a second mandamus action in the Fifth District, seeking to compel Ferrara to issue his September 2016 decision in writing. Armatas alleged that Ferrara has a clear legal duty to issue a written decision and that the time period to appeal the decision will not begin until a written decision is issued.

Armatas's complaint also seeks an order compelling the board of zoning appeals to hear an appeal of Ferrara's written decision and then to issue its own written decision.

{¶ 6} The Fifth District granted summary judgment in favor of Ferrara and the board of zoning appeals. The court held that res judicata bars the claim against Ferrara because Armatas could have asserted that claim in his 2016 mandamus action, and it held that the claim against the board was moot because the relief sought from the board is contingent on the claim against Ferrara. 2019-Ohio-3258, ¶ 12-13.

{¶ 7} Armatas appealed to this court as of right.

### Analysis

{¶ 8} When reviewing a decision granting summary judgment, we apply a de novo standard of review. *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9. Summary judgment is appropriate when

> (1) [n]o genuine issue as to any material fact remains to be litigated;
> (2) the moving party is entitled to judgment as a matter of law; and
> (3) it appears from the evidence that reasonable minds can come to
> but one conclusion, and viewing such evidence most strongly in favor
> of the party against whom the motion for summary judgment is made,
> that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977), citing Civ.R. 56(C).

{¶ 9} The undisputed material facts show that Armatas's claim against Ferrara is barred by res judicata. Res judicata bars a second action when (1) a court of competent jurisdiction rendered a valid, final judgment on the merits in an earlier action, (2) the second action involves the same parties or their privies, (3) the second action raises claims that were or could have been litigated in the first action, and (4)

the second action arises out of the same transaction or occurrence that was the subject of the first action. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84. "The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

{¶ 10} Armatas first argues that the Fifth District did not render a final judgment on the merits in his 2016 mandamus action because it did not address whether his neighbor's trees violated the zoning provision. But the Fifth District did enter a final judgment in that action. It was unnecessary for the court to reach Armatas's substantive argument because he failed to demonstrate an essential element of his mandamus claim—the lack of an adequate remedy at law. *See Armatas*, 2017-Ohio-2645, at ¶ 7, 9. The Fifth District's determination constituted a judgment on the merits to which res judicata may apply. *See State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 15.

{¶ 11} Armatas also argues that res judicata cannot apply because the two lawsuits did not involve the same parties. He points to the fact that his 2016 mandamus action was against Ferrara and the Plain Township Board of Trustees whereas this action is against Ferrara and the board of zoning appeals. But the Fifth District applied res judicata only to Armatas's claim against Ferrara, not to Armatas's claims against the board of zoning appeals. 2019-Ohio-3258 at ¶ 12-13. The board of zoning appeals' presence in this lawsuit does not bar application of the doctrine to the claim against Ferrara.

{¶ 12} Armatas next argues that the claims he is raising in this action could not have been raised in his 2016 mandamus action because the new claims arose later on when circumstances changed. He relies on *State ex rel. Westchester Estates, Inc.*

4

*v. Bacon*, 61 Ohio St.2d 42, 399 N.E.2d 81 (1980), paragraph two of the syllabus, in which this court held:

> Where there has been *a change in the facts* since a decision was rendered in an action, which either raises a new material issue or which would have been relevant to the resolution of a material issue involved in the earlier action, neither the doctrine of *res judicata* nor the doctrine of collateral estoppel will bar litigation of that issue in a later action.

(Emphasis added.)

{¶ 13} Armatas has not demonstrated that any material facts have changed; he simply is pursuing a new legal theory in an attempt to resurrect his right to an administrative appeal of Ferrara's September 2016 decision. Because Armatas could have sought in his first mandamus action a writ requiring Ferrara to issue his 2016 decision in writing, res judicata may operate to bar that claim in this case.

{¶ 14} Finally, Armatas argues that this action does not arise out of the same transaction or occurrence that was the subject of the 2016 mandamus action. He claims that whereas the 2016 action involved enforcement of the zoning code, this action involves only the failures of Ferrara and the board of zoning appeals to issue written decisions. But Armatas fails to appreciate the connection between his two lawsuits. The 2016 action failed because another remedy was available for Armatas to challenge Ferrara's September 2016 decision—he could have appealed to the board of zoning appeals. Although Armatas eventually filed an administrative appeal, the board dismissed it as untimely. Armatas now seeks an order that, in his view, would facilitate a timely appeal. Because both lawsuits involve Armatas's effort to challenge Ferrara's September 2016 decision, they arise out of the same transaction or occurrence for purposes of applying res judicata. The Fifth District,

therefore, correctly applied res judicata to Armatas's claim against Ferrara in this case.

**{¶ 15}** The Fifth District also correctly dismissed Armatas's claim against the board of zoning appeals. Armatas seeks a writ of mandamus directing the board to hear an appeal of a written decision issued by Ferrara and then to issue its own written decision after hearing Armatas's appeal. Because these claims depend on an order directing Ferrara to issue a written decision—an order Armatas is not entitled to—it was proper for the Fifth District to dismiss them.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

Steven A. Armatas, pro se.

Baker, Dublikar, Beck, Wiley & Mathews, James F. Mathews, and Tonya J. Rogers, for appellee Thomas Ferrara.

Pelini, Campbell & Williams, L.L.C., and Eric J. Williams, for appellee Plain Township Board of Zoning Appeals.

————————————