[Cite as *State ex rel. Peaspanen v. Ashtabula Cty. Auditor's Office*, 2022-Ohio-166.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO ex rel.
MARTIN PEASPANEN,

Relator,

- v -

ASHTABULA COUNTY
AUDITOR'S OFFICE, et al.,

Respondents.

**CASE NO. 2020-A-0052**

Original Action for Writ of Mandamus

---

**P E R   C U R I A M**
**O P I N I O N**

Decided: January 24, 2022
Judgment: Petition denied

---

*Bradley Hull, IV*, Bradley Hull, IV Esq., LLC, 1392 SOM Center Road, Mayfield Heights, OH 44124 (For Relator).

*Timothy T. Reid* and *Kenneth E. Smith*, Mansour Gavin, LPA, North Point Tower, 1001 Lakeside Avenue, Suite 1400, Cleveland, Ohio 44114 (For Respondents Ashtabula County Auditor's Office, Ashtabula County Fiscal Office, Ashtabula County Recorder's Office, and Ashtabula County Commissioners).

*Gary D. Zeid*, Sternberg & Zeid Co., L.P.A., 7547 Mentor Avenue, Suite 301, Mentor, Ohio 44060-5466 (For Respondents Raymond & Darlene Buck).

*Judith Peaspanen*, pro se, 378 Walnut Street, Conneaut, OH 44030 (Respondent).

PER CURIAM.

{¶1}    This action in mandamus is presently before us for consideration of the motion for summary judgment of respondents, the Ashtabula County Auditor's

Office/Ashtabula County Fiscal Office,[1] the Ashtabula County Recorder's Office, and the Ashtabula County Commissioners (collectively, "respondents"). In asserting judgment should be granted in their favor, respondents contend that relator, Martin Peaspanen ("Mr. Peaspanen"), filed a nearly identical mandamus action in the Supreme Court of Ohio. *See State ex rel. Peaspanen v. Ashtabula Cty. Auditor's Office*, 155 Ohio St.3d 1417, 2019-Ohio-1315, 120 N.E.3d 864, *reconsideration denied*, 156 Ohio St.3d 1408, 2019-Ohio-2261, 123 N.E.3d 1032. The Supreme Court issued a merit decision without an opinion, granted respondents' motion to dismiss, and dismissed Mr. Peaspanen's complaint for failure to state a claim upon which relief can be granted. Thus, respondents argue, the doctrine of res judicata bars Mr. Peaspanen's claims.

{¶2} Mr. Peaspanen filed this action in mandamus to require respondents to preapprove deeds concerning a specific property and then subsequently transfer all lots and tracts identified in those deeds. Although the allegations and relief sought concern only the Ashtabula County respondents, Mr. Peaspanen's mother, Judith Peaspanen ("Judith Peaspanen"), and his aunt and uncle, Darlene and Raymond Buck (collectively, the "Bucks"), are also named respondents in this action.

{¶3} A review of Mr. Peaspanen's petition – once one clears the muddied waters of the alleged "new underlying facts" – reveals respondents are correct in their assertion that the doctrine of res judicata bars the refiling of these claims. The mere fact that Mr. Peaspanen attempted new transfers after the Supreme Court dismissed his petition,

---

1. Respondents argue that Ashtabula County does not have a "Fiscal Office," and therefore any claims against this respondent must be dismissed. Judith Peaspanen, in her "motion in opposition to the motion to dismiss and alternative motion for summary judgment," contends that "the claims against the Ashtabula County Auditor's Office or the employees or Auditor within the office should not be dismissed * * * as the Ashtabula County Fiscal Office is a properly named Defendant." It appears that the Ashtabula "Fiscal Office" is the Ashtabula County Auditor's Office, and thus those respondents are one and the same.

2

again attempting to use improper legal descriptions, does not afford him the opportunity to relitigate issues that have already been decided, i.e., that he must either use the recorded legal description or have the lots surveyed. Accordingly, we grant respondents' motion for summary judgment and deny relator's petition.

## Substantive and Procedural History

{¶4}     This case centers on the property located at 1046 Lake Road, Conneaut, Ohio, known as the "Willow Beach Park Plat," and consists of various tracts that are comprised of 12 lots:  4, 5, 6, 8, 9, 10, 11, 69, 70, 71, 72, and 73.

{¶5}     The original owners, Elmer and Frances Peaspanen, the grandparents of Mr. Peaspanen, purchased eleven of the lots in 1961 and the twelfth lot in 1964.  In 1994, prior to her passing in 2004, Frances, the surviving spouse, transferred her interest to her three children:  Thomas Peaspanen (spouse Kathleen), John Peaspanen (spouse Judith), and Darlene Buck (spouse Raymond) in three equal shares.

## Transfers of Interest

{¶6}     As evidenced by the deeds in the record, the interests in the property were transferred between the three children and/or their spouses since they received their shares in the property, although not all of the transfers are in the record or pertinent to this petition.

{¶7}     In 2010, Darlene Buck filed several general warranty deeds, transferring her interests to herself and Raymond.  Attached to the deeds was a new surveyor's legal description, which was accepted by the Ashtabula County Engineer on June 22, 2010.  It is this updated legal description that Mr. Peaspanen asserts is incorrect and that is the current legal description on file with the auditor's office.

3

**{¶8}** By 2016, the Bucks held a two-thirds interest in the property, and Judith Peaspanen held a one-third interest (spouse John Peaspanen is deceased).

### Medina County Court of Common Pleas, Case No. 16CIV0494

**{¶9}** In 2016, Mr. Peaspanen filed a complaint in the Medina County Court of Common Pleas, case no. 16CIV0494 ("Medina court case"), against Judith Peaspanen, the Bucks, and Thomas and Kathleen Peaspanen, alleging adverse possession and demanding judgment for an order to quiet title to the property and to declare all rights, interests, and/or other rights in the property terminated.[2]

**{¶10}** A review of the docket in that case reveals the parties reached a settlement agreement whereby the Bucks agreed to sell their interest to Mr. Peaspanen. The court issued a judgment entry, finding that the parties' claims were settled and resolved. The parties agreed they would execute and comply with the purchase agreement and that the court would retain jurisdiction to enforce the terms of the settlement agreement.

**{¶11}** After the parties entered into the purchase agreement for the property, the Bucks and Judith Peaspanen attempted to transfer their interests in the property via quit-claim deeds to Mr. Peaspanen. The Bucks also executed three "affidavits of fact related to title," in which they averred that "warranty deeds were previously prepared for parcels * * *" (seemingly in reference to the 2010 warranty deeds with the updated legal description that is the current recorded legal description on file), and that "the correct legal descriptions * * * to the parcel numbers * * * are identified on Exhibit A and B" (Exhibits A and B were the prior recorded 1961 and 1964 descriptions). They further averred that

---

2. We may take judicial notice of a document filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *Washington v. Eppinger*, 11th Dist. Trumbull No. 2020-T-0024, 2020-Ohio-3851, ¶ 45; *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 20.

Case No. 2020-A-0052

they are aware "that the neighbor Bonnie Allchin claims an 8 foot easement, and or other claim on title of 8 feet, on Lots. No.4 and 5. However, affiants did not give Bonnie Allchin an easement or sell or give any land on any of the subject parcels * * * since Affiants became the titled owners to any of the subject parcels." Thus, it appears the affidavits were oblique improper attempts to use the prior 1961 and 1964 legal descriptions.

{¶12} The Ashtabula County Auditor's Office denied approval for the transfers because the deeds did not meet the Auditor's conveyance standards, i.e., the deeds contained improper legal descriptions that did not match the description on file, and no new survey was attached from which the legal description could be updated. The Auditor's office noted legal descriptions for the property cannot be corrected with an "affidavit of fact related to title."

{¶13} Through a flurry of motions filed in the Medina County case, the parties sought to enforce the settlement, to show cause, and to rescind the settlement agreement. Mr. Peaspanen also filed a complaint for a writ of mandamus in the Supreme Court of Ohio, and the trial court granted a stay upon Mr. Peaspanen's motion.

**Writ of Mandamus in the Supreme Court of Ohio**

{¶14} In *State ex rel. Peaspanen, supra*, Mr. Peaspanen filed in the Supreme Court of Ohio a nearly identical complaint as that filed in the instant action against the same respondents. More specifically, he contended that respondents had no legal right to decline approval of the transfer of real estate due to their disagreement with the legal description, and that the Ohio Revised Code specifically permits a deed with a legal description that does not match the county's records to be recorded where the "affidavits of fact related to title" permit the transfer to proceed. Thus, Mr. Peaspanen sought a writ

5

of mandamus compelling respondents to "preapprove" his "correction" deeds and subsequently transfer the lots and tracts identified in those deeds.

{¶15} Respondents filed a motion to dismiss, contending Mr. Peaspanen did not state any facts entitling him to relief, specifically arguing that they properly complied with R.C. 315.251 in declining to preapprove the deeds and effectuate transfer; the "affidavits of fact of title" were not sufficient pursuant to R.C. 5301.252 to correct conflicts and ambiguities in the recorded description of the property; and the proper procedural vehicle for the relief Mr. Peaspanen was seeking was a declaratory judgment, not a writ of mandamus.

{¶16} Although Mr. Peaspanen alleges in his petition before this court that the Supreme Court of Ohio "dismissed Plaintiff's Writ Complaint without opinion or explanation," the court granted respondents' motion to dismiss and dismissed the complaint on April 10, 2019, in a *merit decision without an opinion*. *See State ex rel. Peaspanen*.

{¶17} After the Supreme Court of Ohio's decision dismissing Mr. Peaspanen's complaint on the merits, the trial court in the Medina court case released the stay, and the Bucks filed a motion to show cause against Mr. Peaspanen. The trial court granted another stay after Mr. Peaspanen filed the instant petition for a writ of mandamus, albeit in the Ninth District Court of Appeals, *State ex rel. Peaspanen v. Ashtabula County Auditor's Office*, 9th Dist. Medina No. 20CA0036-M.

**The Instant Petition for a Writ of Mandamus**

{¶18} In the Ninth District, respondents filed a "motion to dismiss, for summary judgment, or in the alternative, to transfer venue to the Eleventh District Court of Appeals."

Case No. 2020-A-0052

The Ninth District determined that whether the Bucks, i.e., the Medina County residents, were present in the case or not, Mr. Peaspanen's allegations and relief sought related only to the Ashtabula County respondents and not to the Bucks or Judith Peaspanen. Thus, the Bucks are nominal parties and venue could not be based on their residence. Further, the alleged conduct in this case, i.e., the refusal to record deeds, occurred solely in Ashtabula County. The Ninth District concluded that the only proper forum for these claims is Ashtabula County and transferred the case to our court.

{¶19} A review of the complaint reveals it is nearly identical to the complaint filed in the Supreme Court of Ohio; however, Mr. Peaspanen contends he is alleging "new underlying facts." More specifically, he alleges that in 2019, after his petition for a writ was dismissed in the Supreme Court of Ohio, Judith Peaspanen executed a warranty deed that transferred her interest in the property (Lots 69, 70, 71, 10, 9, 72, 73, and 6) to Mr. Peaspanen. A few months later, in early 2020, Mr. Peaspanen executed a warranty deed that transferred his one-third interest in Lots 69, 70, 71, and 9 back to Judith Peaspanen. He contends these deeds contain the proper legal descriptions of the property from 1961 and 1964 and that the transfers updated the recorded legal description at the auditor's office.

{¶20} Mr. Peaspanen further alleges that after these transfers, respondents refused to preapprove deeds for all twelve lots and informed him that "they are bound by law to use the same legal description as the prior grantor receiving title originally." (Emphasis sic.) The auditor further informed him that several of the lots were not presented for transfer in the proper form with necessary exhibits and references and that several others did not include legal descriptions of last record; thus, those required either

7

a new legal description via a survey or should have included the current recorded description.

{¶21} Mr. Peaspanen seeks a writ of mandamus to compel respondents to preapprove and transfer all lots and tracts identified in his "correction" deeds. He contends that the conveyance standards of Ashtabula County and R.C. 319.20 require respondents to accept the deeds using the 1961 and 1964 legal descriptions, especially when "the presented legal descriptions are accompanied by 'affidavits of facts related to title' prepared by the grantors attesting that the prior legal descriptions are the correct legal descriptions of the property."

{¶22} Attached to the complaint are the same exhibits that were filed in the Supreme Court of Ohio case, including transfers of some of the interests of the property prior to 2016, as well as the 2019 and 2020 deeds between Mr. Peaspanen and Judith Peaspanen, and emails between himself and respondents.

{¶23} A review of the successive transfers reveals that the 2019 deed transferred Judith Peaspanen's interest in Tracts 1 (Lot 69), 2 (Lot 70), 3 (Lots 71, 10), 4 (Lots 9, 72, 73), and 5 (Lot 6). The Ashtabula County Auditor stamped approval for Tracts 1-4 (Lots 69, 70, 71, 10, 9, 72, 73) and noted that a new survey was required for the next conveyance of Tract 5 (Lot 6). Several months later, Mr. Peaspanen transferred some of his interests in the tracts back to Judith: Tract 1 (Lot 69), Tract 2 (Lot 70), Tract 3 (Lot 10), Tract 4 (Lot 9), and Tract 5 (Lot 6). That deed reveals that Tract 5 (Lot 6), contrary to Mr. Peaspanen's assertion, was not accepted and is crossed out, with a stamped notation by the auditor that a new survey for an updated legal description is required.

8

{¶24} Respondents filed a "motion to dismiss original action in mandamus or alternative motion for summary judgment." After setting the matter for a pretrial and referring the case to mediation, we issued a judgment entry, in part to give the parties notice that respondents' motion to dismiss will be determined as a motion for summary judgment and to allow time to submit evidentiary quality materials. We also denied Mr. Peaspanen's "motion to reject transfer and return case to Ninth District of The Ohio Court of Appeals." In a separate judgment entry, upon Mr. Peaspanen's motion, we granted the parties additional time to submit evidentiary quality materials.

{¶25} In their motion for summary judgment, respondents argue that Mr. Peaspanen is attempting a "second bite at the apple"; thus, his claims are barred by the doctrine of res judicata. In addition, they raise the same arguments that were considered and decided by the Supreme Court of Ohio, i.e., that respondents have complied with R.C. 315.251 by declining to preapprove the deeds and effectuate transfer of the property to Mr. Peaspanen; the "affidavits of facts related to title" are not sufficient pursuant to R.C. 5301.252 to correct conflicts and ambiguities in the recorded legal description of the property; and, to the extent Mr. Peaspanen attempts to "correct" the legal description, a declaratory judgment is the appropriate vehicle for the relief he is seeking.

{¶26} As to the "newly alleged acts," respondents argue that the 2019 and 2020 transfers did not change the legal descriptions of the property, that a "new survey required" was noted by the auditor on the 2019 deeds, was not accepted, and therefore, not transferred, in 2020. In sum, these successive transfers did not change the recorded legal description. Thus, respondents contend Mr. Peaspanen's petition is barred by res

9

judicata because he is attempting to relitigate the identical issues with the same parties over the same property that have already been decided by the Supreme Court of Ohio.

{¶27} In his brief in opposition, Mr. Peaspanen contends, without the submission of any evidentiary quality materials, that the Supreme Court of Ohio "dismissed the case without an opinion" and, further, that the underlying facts have changed since the Supreme Court case, i.e., the 2019 and 2020 transfers between himself and Judith Peaspanen changed the legal descriptions of the property since they used the 1961 and 1964 legal descriptions. After those transfers, "respondents refused to preapprove and record deeds for all affected parcels, lots, tracts, plats, and plots for each property."

{¶28} Respondent, Judith Peaspanen, filed a "motion in opposition to the motion to dismiss and alternative motion for summary judgment." She argues that respondents are not following conveyancing standards and are confusing the issue with R.C. 5301.252, which involves the recorder's responsibility, not the auditor and that the auditor is required to transfer the deeds pursuant to R.C. 319.20 because Mr. Peaspanen also filed "affidavits of fact related to title" and has a "proper order of a court." She also erroneously argues that the Supreme Court of Ohio did not grant a decision on its merits but that it "just dismissed the case."

## Standard of Review

{¶29} Mandamus is an extraordinary remedy "to be issued with great caution and discretion and only when the way is clear." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343, 25 N.E.2d 940 (1940). A relator seeking a writ of mandamus must establish (1) a clear legal

10

right to the requested relief, (2) a clear legal duty on the part of the respondent official or governmental unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The relator must prove entitlement to the writ by clear and convincing evidence. *State ex rel. Cleveland Right to Life v. State Controlling Bd.*, 138 Ohio St.3d 57, 2013-Ohio-5632, 3 N.E.3d 185, ¶ 2. *See State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18.

{¶30} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280, 662 N.E.2d 264 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶ 40.

{¶31} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the

11

nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112[, 526 N.E.2d 798]." *Id.*

{¶32} Respondents argue that Mr. Peaspanen's complaint is barred by the doctrine of res judicata. In opposition, Mr. Peaspanen argues that the Supreme Court did not decide his previous petition on the merits and, further, that the underlying facts have changed and new issues have arisen due to subsequent transfers of the property.

{¶33} As already noted, a review of the Supreme Court's judgment entry reveals the case was decided on its merits without an opinion. *State ex rel. Peaspanen.* The court granted respondents' motion to dismiss and dismissed Mr. Peaspanen's petition for failure to state a claim upon which relief can be granted.

{¶34} As the Supreme Court of Ohio explained in *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170 (2009):

{¶35} "Civ.R. 41(B) states the policy of the law with regard to involuntary dismissals: only dismissals on jurisdictional grounds–either lack of subject-matter jurisdiction or lack of personal jurisdiction over the defendant–raise a presumption of no prejudice to reasserting the same claim through a second complaint. Civ.R. 41(B)(4). Other involuntary dismissals constitute 'adjudication on the merits' unless the dismissal order specifies the contrary.

12

{¶36} "It follows that a dismissal grounded on a complaint's 'failure to state a claim upon which relief can be granted' constitutes a judgment that is an 'adjudication on the merits.' As a result, res judicata bars refiling the claim. See *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 9, 12, 13 (the Supreme Court of Ohio's earlier dismissal of a prohibition complaint barred a successive complaint brought in an appellate court). Because the appellate court's dismissal of the previous action invokes res judicata, it ""'bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'"" *Id.* at ¶ 12, quoting *Kelm v. Kelm* (2001), 92 Ohio St.3d 223, 227, 749 N.E.2d 299, quoting *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus." *Id.* at ¶ 14-15. *See also State ex rel. Kerr v. Kelsey*, 160 Ohio St.3d 45, 2020-Ohio-1057, 153 N.E.3d 42, ¶ 5 (Supreme Court of Ohio did not specify otherwise in the entry dismissing relator's mandamus complaint in a previous case without an opinion, thus the dismissal pursuant to Civ.R. 41(B)(3) operated as an adjudication on the merits).

{¶37} Res judicata bars a second action when (1) a court of competent jurisdiction rendered a valid, final judgment on the merits in an earlier action, (2) the second action involved the same parties or their privies, (3) the second action raises claims that were or could have been litigated in the first action, and (4) the second action arises out of the same transaction or occurrence that was the subject of the first action. *State ex rel. Armatas v. Plain Twp. Bd. of Zoning Appeals*, 160 Ohio St.3d 161, 2020-Ohio-2973, 154 N.E.3d 74, ¶ 9.

{¶38} We agree with respondents that Mr. Peaspanen is attempting to relitigate the same issue. Simply because two additional transfers were attempted by different

13

grantors and grantees does not change the underlying nucleus of this dispute – the deeds must contain either a new survey or the recorded description currently on file.

{¶39} In both transfers, Mr. Peaspanen is attempting to transfer the interests in the property with a different legal description that does not match the legal description on file. Although he used the 1961 and 1964 descriptions in the 2019 and 2020 deeds, the legal descriptions on file did not change but rather were stamped "new survey required for next conveyance." Only some of the tracts were approved for conveyance, and those did not change the recorded legal description. Thus, the undisputed material facts demonstrate that Mr. Peaspanen's claims are barred by the doctrine of res judicata.

{¶40} Furthermore, Mr. Peaspanen failed to meet his reciprocal burden on summary judgment as outlined in Civ.R. 56(E) by failing to introduce any evidentiary quality material to rebut respondents' assertion that there are no genuine issues of material fact. *See Dresher* at 294. Pursuant to Civ.R. 56(E), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶41} Quite simply, Mr. Peaspanen has not demonstrated any new material facts. He attempted to again transfer the property with an erroneous legal description. A change in material facts either raises a new material issue or would have been relevant to the resolution of a material issue involved in the earlier action. *Armatas* at ¶ 12, citing *State*

14

Case No. 2020-A-0052

*ex rel. Westchester Estates, Inc. v. Bacon*, 61 Ohio St.2d 42, 399 N.E.2d 81 (1980), paragraph two of the syllabus.

{¶42} Finding Mr. Peaspanen has failed to set forth any genuine issues of material fact and that his petition before this court is barred by the doctrine of res judicata, we grant respondents' motion for summary judgment. Mr. Peaspanen's petition is denied.

THOMAS R. WRIGHT, P.J., CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.

15

Case No. 2020-A-0052