[Cite as *Lenz v. Kerr Bldg. Inc.*, 2022-Ohio-1427.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Keith Lenz                                            Court of Appeals No.  WD-21-064

      Appellee                                    Trial Court No.  2011-CV-0852

v.

Kerr Building, Inc.

      Defendant                                **DECISION AND JUDGMENT**

[Jeremy Kerr-Appellant]                        Decided:  April 29, 2022

* * * * *

Edward L. Schimmel, for appellee.

Jeremy Kerr, Pro se.

* * * * *

**DUHART, J.**

**{¶ 1}** This is an appeal filed by pro se appellant, Jeremy Kerr, from the

September 7, 2021 judgment[1] of the Wood County Court of Common Pleas denying his

---

[1] The trial court's final judgment was rendered on December 7, 2021.

motion to vacate void judgment and granting the motion to strike of appellee, Keith Lenz. For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} Appellant sets forth two assignments of error:

> 1. The Trial Court erred and / or Abused its discretion by failing to recognize that Individual Defendant/Appellant has standing to complain of error committed against "Kerr Building, Inc." when the errors are inherently prejudicial to his rights.

> 2. The Trial Court erred and / or abused its discretion when it failed to vacate the judgment against Jeremy Kerr individually.

**Facts**

{¶ 3} Appellant is serving a prison sentence after having been convicted of four counts of forgery, four counts of tampering with evidence and two counts of theft. We affirmed appellant's convictions in *State v. Kerr*, 6th Dist. Wood No. WD-13-047, 2014-Ohio-5455 and *State v. Kerr*, 6th Dist. Ottawa No. OT-13-036, 2015-Ohio-2228.

{¶ 4} In addition to the criminal proceedings, appellant was sued civilly, as were business entities which he established, and judgments were entered against appellant and the business entities. One of those civil judgments is the subject of appellant's current appeal. That judgment was rendered in a lawsuit filed by appellee.

{¶ 5} By way of brief background, in 2011, appellee filed suit against Kerr Building, Inc., and a default judgment was granted in appellee's favor. *See State ex rel. Kerr v. Kelsey*, 160 Ohio St.3d 45, 2020-Ohio-1057, 153 N.E.3d 42, ¶ 2. Thereafter,

2.

appellee was allowed to amend his complaint to add appellant as a defendant, and judgment was entered for appellee against Kerr Building, Inc. and appellant, jointly and severally. *Id.*

{¶ 6} Appellant sought to vacate the civil judgment many times, in many ways. On November 8, 2017, appellant filed a motion to vacate void judgment with the trial court, which motion was denied on December 20, 2017, as appellant's claims were barred by res judicata. Subsequently, appellant filed a mandamus claim, which claim was dismissed. *See State ex rel. Kerr v. Kelsey*, 152 Ohio St.3d 1438, 2018-Ohio-1600, 96 N.E.3d 294. Appellant then filed a writ of prohibition to vacate the civil judgment, which writ was dismissed. *See State ex rel. Kerr*, 160 Ohio St.3d 45, 2020-Ohio-1057, 153 N.E.3d 42, ¶ 1. The court ruled that because appellant's previous lawsuit attacking the validity of the same underlying judgment has been adjudicated on the merits, his claim was barred by res judicata. *Id.* at ¶ 5.

{¶ 7} On February 25, 2021, appellant filed another motion to vacate void judgment with the trial court. Appellee filed a motion to strike any arguments in appellant's motion made on behalf of Kerr Building, Inc., since appellant is not an attorney and cannot present arguments on behalf of a corporate entity. Appellee also requested attorney fees in defending himself against appellant's frivolous motion.

{¶ 8} On September 7, 2021, the court granted appellee's motion to strike, denied appellant's motion to vacate void judgment on the basis of res judicata, and scheduled a hearing to determine: whether appellant's conduct was frivolous; whether appellee was

3.

adversely affected; and whether an award of attorney fees was warranted. Appellant filed an appeal; we stayed the appeal and remanded the case to the trial court for a final judgment.

{¶ 9} On December 7, 2021, the trial court issued its decision and order, finding appellant's conduct was frivolous and ordering an award of attorney fees of $1,050 against appellant and in appellee's favor.

{¶ 10} Now, on appeal, appellant is again trying to vacate the same civil judgment.

**First Assignment of Error**

{¶ 11} Appellant argues the trial court erred and/or abused its discretion by failing to recognize that he has standing to complain of the errors committed against "Kerr Building, Inc.," when these errors were inherently prejudicial to his rights. Appellant contends "Kerr Building, Inc." is not a legal entity. He submits "Kerr Building, Inc." is an incorrectly named defendant in appellee's 2011 complaint and 2012 amended complaint, and "Kerr Building, Inc." was not properly served with "the Complaint." Appellant also asserts the "action had never commenced under Civ.R. 3(A) against 'Kerr Building, Inc.,' rendering the judgment against him individually void ab initio."

**Trial Court's September 7, 2021 Decision and Order**

{¶ 12} The trial court, citing *Union Sav. Ass'n v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60, 262 N.E.2d 558 (1970) and *Mun. Realty Corp. v. Ergur*, 6th Dist. Lucas No. L-13-1241, 2014-Ohio-1557, ¶ 7, granted appellee's motion to strike, and ordered the arguments appellant made on behalf on a corporate entity stricken from the record.

4.

**Standard**

{¶ 13} We review a trial court's decision to grant or deny a motion to strike under an abuse of discretion standard. *Columbia Gas of Ohio, Inc. v. Toledo Edison Co.*, 6th Dist. Lucas No. L-14-1263, 2015-Ohio-3942, ¶ 9. An abuse of discretion implies the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E .2d 1140 (1983).

**Law**

{¶ 14} Only a corporation can complain of a wrong done to the corporation. *Adair v. Wozniak*, 23 Ohio St.3d 174, 176, 492 N.E.2d 426 (1986). A person who is not an attorney may not represent the corporation in court. *Union Sav. Ass'n* at 64.

**Analysis**

{¶ 15} Upon review, appellant is not a licensed attorney and cannot represent a corporate entity. We therefore find the trial did not abuse its discretion by striking appellant's arguments relative to the corporation. Accordingly, appellant's first assignment of error is not well-taken.

**Second Assignment of Error**

{¶ 16} Appellant claims the trial court erred and/or abused its discretion when it failed to vacate the judgment against him individually.

{¶ 17} For the reasons set forth in *State ex rel. Kerr*, 160 Ohio St.3d 45, 2020-Ohio-1057, 153 N.E.3d 42, we find appellant's previous lawsuit attacking the validity of

5.

the same underlying judgment has been adjudicated on the merits, and his claim is barred by res judicata. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 18} The judgment of the Wood County Court of Common Pleas is affirmed.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.